835 F.2d 880
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sandor A. KERTESZ, Defendant-Appellant.
 No. 87-3429.
 United States Court of Appeals, Sixth Circuit.
 Dec. 1, 1987.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant, Sandor Kertesz, appeals his conviction of disorderly conduct in violation of 41 C.F.R. Sec. 101-20.305. Appellant argues that the provisions of section 305 should be read conjunctively, that if they are not read conjunctively the term nuisance as used in the regulation is unconstitutionally vague, and that there was insufficient evidence to convict. We do not agree, and for the following reasons we affirm the conviction.
 
 I.
 
 2
 Kertesz was convicted of violating section 305[1] in a bench trial before a United States Magistrate. At the trial, Linda Daniels, a woman who works for the IRS on the fourth floor of the federal building in Dayton, testified that after attending to personal business on the sixth floor she entered the elevator and was accosted by the appellant who said "you nice girl give me a kiss." She testified that he proceeded to grab her neck and pull her towards him. She kicked and hit at him, and when the elevator door opened on the fifth floor she ran off of the elevator and took the stairs back to her office on the fourth floor. A security officer escorted her to the nurse's station. On the way to the station she saw the appellant and identified him to the officer as her assailant. The appellant was detained, arrested, and charged. The officers that were involved in the investigation and arrest also testified at the trial.
 
 
 3
 At the close of the government's case, appellant moved for a verdict of acquittal under Rule 29 of the Federal Rules of Criminal Procedure, arguing that no evidence was presented to prove that his conduct disrupted, obstructed or interfered with any activities at the property. The magistrate, in denying the motion, ruled that the appellant's conduct "qualified as other conduct which creates a nuisance."
 
 
 4
 Kertesz took the stand and denied that he made the statement or grabbed Daniels. He admitted that he was on the elevator with a woman and testified that he may have backed into her. The magistrate found him guilty and after the presentencing investigation was waived, sentenced him to thirty days, and a fifty dollar fine. The fine and twenty-five days were suspended on the condition that the defendant commit no further offense for a period of two years, and that he apologize to Daniels. Appellant then filed this timely appeal.
 
 
 5
 Appellant makes three arguments in this appeal. First, he argues that section 305 should be read in the conjunctive and that the district court erred in not requiring the prosecution to prove two elements of section 305. Secondly, he argues in the alternative that if the regulation is read in the disjunctive it is unconstitutionally vague. Finally, he argues that there was insufficient evidence to convict.
 
 II.
 
 6
 The appellant argues that section 305 should be read in the conjunctive to require that the government prove two elements:
 
 
 7
 First, there must be some wrongful conduct on the part of the Defendant. This conduct can consist of unwarranted loitering, disorderly conduct, conduct which creates loud or unusual noise, or conduct which creates a nuisance. Second, this wrongful conduct must obstruct the usual use of the property, impede or disrupt the performance of official duties by government employees, or prevent the public from obtaining the services provided on the property.
 
 
 8
 Appellant's conjunctive reading of the regulation cannot be reconciled with a plain reading of section 305. This is demonstrated by breaking the regulation up into its grammatical parts.
 
 
 9
 Any loitering, disorderly conduct, or other conduct on property which creates loud or unusual noise or a nuisance;
 
 
 10
 which unreasonably obstructs the usual use of entrances, foyers, lobbies, corridors, offices, elevators, stairways, or parking lots;
 
 
 11
 which otherwise impedes or disrupts the performance of official duties by government employees;
 
 
 12
 or which prevents the general public from obtaining the administrative services provided on the property in a timely manner,
 
 
 13
 is prohibited.
 
 
 14
 The regulation's use of the word "or" demonstrates that the government only has to prove that the defendant's conduct fits one of the categories listed in section 305. This regulation was given this reading by the First Circuit in United States v. Bader, 698 F.2d 553 (1st Cir.1983). "Section 305 is phrased in the alternative. Conduct violates the regulation if it 'creates ... a nuisance' or if it 'unreasonably obstructs the use of entrances,' or if it 'otherwise impedes or disrupts the performance of official duties' or if it 'prevents the general public from obtaining services.' " Bader, 698 F.2d at 555 (emphasis in original). Since the regulation is written in the disjunctive, the government need only prove that conduct fits one of its categories.
 
 
 15
 Appellant argues in the alternative, that if the regulation is read to allow a conviction for conduct which creates a nuisance, it is unconstitutionally vague. In denying his motion for acquittal after the government's case, the magistrate found that appellant's conduct was conduct on property which creates a nuisance, thereby finding him guilty under the first part of the regulation.
 
 
 16
 The Supreme Court has set forth the values which are offended by enactments which are not clearly defined.
 
 
 17
 First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application. Third, but related, where a vague statute abut[s] upon sensitive areas of basic First Amendment freedoms, it operates to inhibit the exercise of [those] freedoms. Uncertain meanings inevitably lead citizens to steer far wider of the unlawful zone ... than if the boundaries of the forbidden areas were clearly marked.
 
 
 18
 Grayned v. City of Rockford, 408 U.S. 104, 108, 109 (1972) (footnotes omitted). The appellant argues that the word nuisance is vague and that because the proscribed conduct is defined by the word nuisance the statute is vague. We do not agree.
 
 
 19
 While courts have yet to address this specific issue, section 305 has withstood constitutional attack. See United States v. Sachs, 679 F.2d 1015, 1017 (1st Cir.1982) (law that prohibits unreasonable obstruction of elevators is not unconstitutionally vague in that it plainly gives notice not to sit on the floor, refuse to move and swing one's arms about); United States v. Occhino, 629 F.2d 561, 563 (8th Cir.1980) (section 305 as a reasonable time, place and manner regulation may be applied to speech irrespective of content), cert. denied, 450 U.S. 968 (1981); United States v. Parisi, 564 F.Supp. 855, 861 (E.D.Ill.1981) (section 305 is not facially vague or overbroad).
 
 
 20
 While courts have a duty to interpret legislation in a manner not inconsistent with the demands of the constitution, they are also to avoid a holding of unconstitutionality if a fair construction of the legislation will so allow. United States v. Cassiagnol, 420 F.2d 868 (4th Cir.), cert. denied, 397 U.S. 1044 (1970); Screws v. United States, 325 U.S. 91, 98 (1945).
 
 
 21
 [I]f the general class of offenses to which the statute is directed is plainly within its terms, the statute will not be struck down as vague, even though marginal cases could be put where doubts might arise ... and if this general class of offenses can be made constitutionally definite by a reasonable construction of the statute, this Court is under a duty to give the statute that construction.
 
 
 22
 United States v. Harriss, 347 U.S. 612, 618 (1954) (citation omitted).
 
 
 23
 The relevant portion of the regulation provides that, "conduct on property which creates ... a nuisance ... is prohibited." 41 C.F.R. Sec. 101-20.305 (emphasis added). The fact that this regulation, entitled disturbances, applies only on government property gives rise to the natural construction of the term nuisance as prohibiting conduct on federal property which disturbs the use for which the property was intended. See Parisi, 564 F.Supp. at 861 ("the government ... has a legitimate interest in preserving 'property' under its control for the use to which it is lawfully dedicated." Cf. Cassiagnol, 420 F.2d at 873. Appellant's conduct fits under this interpretation of the term nuisance, as his action clearly disturbed Daniel's use of the elevator. Daniels testified that on account of his conduct she fled the elevator on the fifth floor and took the stairs to her office on the fourth floor.[2]
 
 
 24
 Finally, appellant argues that he was entitled to a directed verdict of acquittal due to insufficient evidence to convict. We disagree. In reviewing such claims, the court must consider the evidence in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Ebens, 800 F.2d 1422, 1427 (6th Cir.1986).
 
 
 25
 Daniels testified to the following facts at trial. She entered the elevator on the sixth floor of the Federal Building, and while on the elevator, the appellant grabbed her by the neck and said "you nice girl give me a kiss." She fled the elevator on the fifth floor and took the stairs to the fourth. She reported the incident to the security personnel and later identified the appellant as he was leaving the building. She was also able to identify him at trial.
 
 
 26
 The appellant testified and admitted being in the building and on the elevator with a woman. He denied grabbing her but admitted that he might have backed into her. The only evidence other than appellant's testimony which contradicts any part of Daniel's story was the testimony of the security guard concerning the time the incident took place. Although the testimony was not consistent as to the exact time of the incident, the differences in time were not significant. We find that there was sufficient evidence to support the appellant's conviction.
 
 
 27
 Accordingly, we AFFIRM appellant's conviction.
 
 
 
 [1]
 41 C.F.R. Sec. 101-20.305 reads as follows:
 Sec. 101-20.305 Disturbances.
 Any unwarranted loitering, disorderly conduct, or other conduct on property which creates loud or unusual noise or a nuisance; which unreasonably obstructs the usual use of entrances, foyers, lobbies, corridors, offices, elevators, stairways, or parking lots; which otherwise impedes or disrupts the performance of official duties by Government employees; or which prevents the general public from obtaining the administrative services provided on the property in a timely manner, is prohibited.
 
 
 [2]
 In closing argument, appellant's attorney conceded that Daniels was impeded from continuing from the sixth floor to the fourth floor